13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Tuesday STEPP, Plaintiff-Appellee,
v.
Arthur L. PROCTOR; Tom Creider; Louis Stelting,
Defendants-Appellants.
 No. 93-7023.
 United States Court of Appeals, Tenth Circuit.
 Dec. 2, 1993.
 
 1
 Before TACHA and KELLY, Circuit Judges, and BROWN,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Tuesday Stepp, an employee of the Lake Texoma Lodge, Oklahoma Department of Tourism and Recreation, filed this suit pursuant to 42 U.S.C.1983. Defendants are Tom Creider, the Director of State Parks, Louis Stelting, the former Regional Golf Director, and Arthur L. Proctor, former Director of Golf, all employed by the Oklahoma Department of Tourism and Recreation. Plaintiff asserted that she was denied equal protection of the laws in violation of the Fourteenth Amendment through sexual harassment by Mr. Proctor creating a hostile work environment, and that she was constructively discharged for protected speech in violation of the First Amendment when she reported a theft of monies by Mr. Stelting and the sexual harassment by Mr. Proctor.
 
 
 4
 Upon considering defendants' motions for summary judgment on the basis of qualified immunity, the magistrate dismissed plaintiff's equal protection claim against defendants Creider and Stelting, but otherwise denied summary judgment. Defendants appeal from the denial of qualified immunity.[2] We exercise jurisdiction under 28 U.S.C. 1291, see Mitchell v. Forsyth, 472 U.S. 511, 526-27, 530 (1985), and reverse and remand for entry of judgment in favor of defendants.
 
 
 5
 Our review of the denial of qualified immunity is de novo. Considine v. Board of County Comm'rs, 910 F.2d 695, 702 (10th Cir.1990). We have previously set out the procedure for analyzing a qualified immunity claim:
 
 
 6
 First, the defendant must raise the defense of qualified immunity. Once the defendant has adequately raised the defense, the plaintiff must show that the law was clearly established when the alleged violation occurred and come forward with facts or allegations sufficient to show that the official violated the clearly established law. Then the defendant assumes the normal summary judgment burden of establishing that no material facts that would defeat his claim for qualified immunity remain in dispute. Dixon v. Richer, 922 F.2d 1456, 1460 (10th Cir.1991); Powell v. Mikulecky, 891 F.2d 1454, 1457 (10th Cir.1989).
 
 
 7
 Woodward v. City of Worland, 977 F.2d 1392, 1396-97 (10th Cir.1992), cert. denied, 113 S.Ct. 3038 (1993).
 
 
 8
 In her Fourteenth Amendment claim against defendant Arthur L. Proctor, plaintiff asserts that sexual harassment by Mr. Proctor created a hostile work environment in violation of the Equal Protection clause. The law has been clearly established in this circuit since May of 1989 that sexual harassment under color of state law violates the Equal Protection clause. See Woodward, 977 F.2d at 1397-98 (citing Starrett v. Wadley, 876 F.2d 808, 814 (10th Cir.1989)). However, what constitutes a hostile work environment in the context of 42 U.S.C.1983 is not clearly established in this circuit. It is clear that "vague, non-time-specific, and conclusory allegations" are not sufficient to put at issue whether a defendant's conduct violated clearly established rights to be free from sexual harassment. Woodward, 977 F.2d at 1398; cf. Starrett, 876 F.2d at 814-15 (reciting specific evidence of ongoing pattern of harassment).
 
 
 9
 Plaintiff's allegations against Mr. Proctor are not specific enough to support her claim. See Woodward, 977 F.2d at 1398; cf. Starrett, 876 F.2d at 814-15. She alleges only two specific instances of harassment by Mr. Proctor, both occurring in July 1990, months before her alleged constructive discharge in December 1991. Plaintiff's other allegations are conclusory, vague, and not supported by the evidence of record. Whatever may constitute a hostile work environment under 1983, two specific instances of improper conduct do not. Defendant Proctor is entitled to qualified immunity on plaintiff's Equal Protection claim.
 
 
 10
 In her complaint, plaintiff also asserts that she was constructively discharged by "a campaign of harassment and intimidation" by defendants in retaliation for protected speech in violation of the First Amendment when she reported a theft of monies by Mr. Stelting and sexual harassment by Mr. Proctor. Complaint at 2 (App. of Appellants Creider and Stelting, at 2). Defendants assert that plaintiff was neither discharged from her employment nor has she resigned. They submit, rather, that plaintiff requested and was authorized to take sick leave in December 1991, was placed on leave without pay status in January 1992 after the expiration of her accrued sick leave, and remains on leave without pay status. Defendants further assert that the law in this circuit was and is not clearly established as to what level of alleged harassment short of an adverse personnel action constitutes a constitutional violation. See Morfin v. Albuquerque Pub. Sch., 906 F.2d 1434, 1437 n.3 (10th Cir.1990). In Morfin, we stated that although "[a]ctions short of an actual or constructive employment decision can in certain circumstances violate the First Amendment[,] ... [t]he delineation of a precise standard shall await another day." Id. In a subsequent case, we explained that a constructive discharge exists when "a reasonable [person] would view the working conditions as intolerable and when the working conditions [are] so difficult that a reasonable person in the employee's position would feel compelled to resign." Woodward, 977 F.2d at 1401 (internal quotations and citations omitted).
 
 
 11
 Plaintiff fails to rebut defendants' assertion that she was neither discharged nor has she resigned. Plaintiff also has failed to demonstrate that the law of this circuit was clearly established that defendants' alleged harassment constitutes an actionable claim for constructive discharge. Therefore, plaintiff's First Amendment claim cannot stand against any of the three defendants, and they are entitled to summary judgment on the basis of qualified immunity.
 
 
 12
 The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the cases are REMANDED for additional proceedings consistent with this order and judgment.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Because the magistrate's dismissal of plaintiff's equal protection claim against defendants Creider and Stelting is not an appealable interlocutory order, that issue is not a part of this appeal